IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :     CRIMINAL NO. 1:CR-03-251-05

                       :

**v.**                    :

                       :

MICHAEL MCKINNON          :



<u>**NOTICE OF ELECTION**</u>


        I, Michael McKinnon, movant in the captioned action, have read the order of court which accompanied this form entitled "Notice of Election." Pursuant to that order, I elect to proceed in this action as follows:

_____        I have labeled my motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. I choose to have the court rule on my motion as filed. I understand that I may be forever barred from presenting in federal court any claim not presented in this motion. I further understand that by doing so I lose my ability to file a second or successive motion absent certification by the court of appeals, and that the potential for relief is further limited in a second or successive motion.

_____        I have labeled my motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. 2255. I choose to withdraw my motion so that I may file one, all-inclusive motion under 28 U.S.C. § 2255 within the one-year limit for filing such a motion.

YOUR ELECTION ON THIS FORM, AS WELL AS THE FAILURE TO MAKE AN ELECTION, WILL BE BINDING ON YOU AS RELATES TO YOUR LITIGATION IN FEDERAL COURT OF ANY CLAIM RELATED TO THE CUSTODY YOU HAVE CHALLENGED. READ CAREFULLY THE ORDER ACCOMPANYING THIS FORM NOTICE OF ELECTION.

1

I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____    _____

　　　　　　　　(Date)　　　　　　　　　　　　(Signature of Petitioner)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA



MICHAEL MCKINNON,

      Petitioner,

vs.                       Docket No.: 1:CR-03-251-05

UNITED STATES OF AMERICA,

      Respondent.

_____/

## PETITIONER'S ADDITIONAL ISSUES FOR
## TITLE 28 USC SECTION 2255 ISSUES

Comes now Petitioner Michael McKinnon with this his additional issues to raise on his Title 28 USC § 2255 as per this Court's instructions and in support provides as follows:

On June 21, 2010, this court issued administrative order with Notice of Limitations on Filing Motions under Title 28 USC § 2255, where it permitted Petitioner 30 days to add any additional issues he wishes to raise on his Title 28 USC § 2255 or the issues would be waived. This court granted Petitioner 30 days from the date of the order to inform the court whether he wished to add additional issues or proceed with the Title 28 USC § 2255 as filed.

Since Petitioner's Title 28 USC § 2255 was timely filed according to the Anti-Terrorism and Effective Death Penalty Act's filing deadline and since withdrawing the pleadings and re-filing the same with all the issues may conflict with the filing

deadlines, Petitioner merely added the additional issues he wished to raise in the all inclusive Title 28 USC § 2255 for this court's consideration.[1]

**APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE WHEN HE FAILED TO ARGUE THE SUFFICIENCY OF THE EVIDENCE SINCE THE EVIDENCE FAILED TO PROVE THAT PETITIONER NEITHER POSSESSED NOR DISTRIBUTED THE DRUGS CHARGED IN THE INDICTMENT**

Petitioner presents that counsel rendered ineffective assistance when he filed the direct appeal in the instant case, by not requesting the Appellate Court consider that the evidence charging Petitioner with possession and distribution of the drugs in the instant case was never proven beyond a reasonable doubt by the government during the trial. The sufficiency of the evidence was an issue that was ripe for appellate review.

The evidence at trial clearly established that Petitioner was never arrested nor seen with any narcotics during the investigation. None of the witnesses testified to this effect and the ones that did were impeached as a result of their contradictory testimony.

Although there was, _some_ testimony presented during the trial that Petitioner was under surveillance by the DEA, there was _no testimony_ presented by any government DEA Agent that supported the position that Petitioner was seen involved in any drug transaction whatever.

---

[1] Should this court desire Petitioner to withdraw the prior timely filed Title 28 USC § 2255 and file a new all-inclusive pleading along with the additional supplemental issues, Petitioner will do so. However, to err on the side of caution, Petitioner request that this Honorable Court allow the supplementing of the timely filed Title 28 USC § 2255.

The Sixth Amendment to the United States Constitution guarantees a defendant in a criminal proceeding the right to counsel. *Gideon v Wainwright,* 372 U.S. 335 (1963). The right to counsel is a fundamental right, *Argersinger v. Hamlin,* 407 U.S. 25 (1972) and necessarily implicates the right to effective assistance of counsel.[2]

Possession under Title 21 USC § 841, makes it a crime to (1) manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance. And Title 21 USC § 846 requires the government to show "(1) an agreement to possess [a controlled substance] with intent to distribute existed with intent to distribute existed *between two or more persons*; (2) the existence of a conspiracy; and (3) defendant *knowingly and voluntarily* became a part of the conspiracy." See *United States v. Burgos,* 94 F.3d 849 (4th Cir. 1996).

In the instant case, the government failed to present any non-contradictive and non-impeached testimony either from their witnesses or from any government agent that establishes that Petitioner was involved in any controlled substance distributions whatsoever. From the complete picture of the evidence presented at trial, a reasonable jury could not have found beyond a reasonable doubt that Petitioner was involved in any involvement in the possession and/or distribution of any controlled substances. In fact, the total effect of the evidence in this case, viewed in a light most favorable to the government, fails to show that Petitioner was engaged in any distribution via a conspiracy or possession of any narcotics

---

[2] Petitioner also incorporates the ineffective assistance of counsel argument presented in the original Title 28 USC § 2255 via reference in its entirety.

whatsoever as charged by the government's indictment. The issue was ripe for presentment on direct appeal. Counsel had an obligation to present the appellate issue for consideration and appellate review. There was no tactical reason why counsel failed to present such a viable issue on appeal. Petitioner had the constitutional right to effective assistance of counsel on direct appeal as a matter of right. That right was violated. See, *Evitts v. Lucey*, 469 US 387 (1995).

Accordingly, this court must agree that appellate counsel, while preparing Petitioner's direct appeal, had a fundamental obligation to present for the appellate court's review the sufficiency of the evidence, in this case lack of evidence, which would have clearly established that the government failed to prove beyond a reasonable doubt that Petitioner was actually involved in either the distribution or involved in any conspiracy whatsoever to distribute any controlled substance.

Accordingly, the granting of an evidentiary hearing is required in order to review whether actions and failure of counsel to present the issue for appellate review under a sufficiency of the evidence argument when the evidence clearly establishes Petitioner's non-involvement is required in order to determine the extent of prejudice that Petitioner is suffering in the instant offense.

**COUNSEL RENDERED INEFFECTIVE ASSISTANCE WHEN HE FAILED TO OBJECT TO THE DEATH THREAT TESTIMONY PRESENTED BY WITNESS SHEPHERD AFTER THE GOVERNMENT INTRODUCED THE STATEMENTS AND APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT RAISING THE ISSUE ON APPEAL FOR PROPER REVIEW**

During the presentation of the trial, the government had a professional obligation to avoid to the introduction of any direct testimony relating to death

threat statements made by witness Shepherd. The prosecutor elicited from witness Shepherd testimony relating to his prior involvement as a shooting victim. The sole purpose of the testimony was to sway the jury's perception of Petitioner's character.

Specifically the following testimony was presented during the trial:

Direct examination continued by Ms. Fawcett:

Q. Mr. Shepherd, I have a few more questions of you. First of all, are you feeling worse today than you were yesterday?

A. Yes.

Q. And we should explain for the members of the jury the two or three bullets that you were injured with came into your side, correct?

A. Yes.

Q. And because of that, you had a colonoscopy?

A. Yes.

Q. And that caused your stomach problems?

A. Yes.

*Id.* (PR. Page 464)

Continuation in a direct examination:

Q. Did you not indicate in a prior deposition that you believed that Mr. McKinnon was somehow responsible for your injuries, even though Mr. McKinnon has been incarcerated ever since he has been arrested back in September of '03?

A. I believe he had something to do with it.

Q. Okay and -- I mean, what happened that night or that evening?

The Court: I don't think we need to get into that.

By Mr. Pinskey:

Q.   That it's not correct that somebody shot you?

A.   While I was sleeping.

Q.   And you had a strong belief that somehow Mr. McKinnon had something to do with it?

A.   I believe he did.

Q.   And a consequence -- having that belief that he was responsible for that, you're angry at him aren't' you?

A.   I'm not mad at Mr. McKinnon.  If you are referring to me being a witness, this happened August 13th.  I was a witness.

The Court:   Put the microphone closer.

The Witness:  This happened August 13th.  I was a witness since October or September of last year.

Mr. Pinskey:

Q.   I understand that.  But right now you are angry at Mr. McKinnon for somehow causing you to suffer this injury?

A.   Well, if he really did it of course I'd be upset.

Q.   And you believe he did it?

A.   I believe he had something to do with it, yes.

Q.   So you can't help but be angry at Mr. McKinnon?

A.   I'm not -- I'm not 100% sure if he did it, so I'm not angry at him. I'm -- I don't know if the feeling to explain just mixed emotions.

Q.   That a part of you is angry.

*Id.* (TR 467-468)

Although the government introduced the initial death threat testimony under

direct examination of the trial (TR 463), Petitioner's counsel attempted to set the

record straight under redirect questioning the victim in the instant case. The problem with the cross-examination and direct examination presented by the government, that Petitioner was never charged nor deemed to have anything to do with Shepherd's incident. Counsel should have known and should have had in his position that defendant William Holmes, Jr. was actually charged with Shepherd's shooting and acquitted via a jury verdict. (See Appendix A)

Counsel had an obligation to request limiting instructions to the jury's advising the jury that Petitioner was in no way to be held responsible nor should they consider whether Petitioner was involved in the shooting of Shepherd or not. There was absolutely no evidence presented during the trial whatsoever that would have established that Petitioner was actually involved in the Shepherd shooting. In fact, the evidence was to the contrary.

In *Rizzo v. United States*, 543 F.2d 447 (2nd Cir. 1976), the court determined that unrelated death threat testimony should not be presented to the jury because it has a potential for causing unfair prejudice and outweighs its probative value with respect to petitioner's guilt see *United States v. Malizia*, 503 F.2d 578 (2nd Cir. 1974). Furthermore, in *United States v. Rosado*, 728 F.2d 89 (2nd Cir. 1984), the court held that once a defendant opens the door to an issue; he cannot "complain the government was permitted to present some evidence of its side of the issue." The same analysis should be followed in the instant matter. When the government goes and opens the door involving the shooting of Mr. Shepherd, *trial counsel should have been allowed* to delve into the involvement of Shepherd's shooting in order to

set the record straight of Petitioner's non-involvement. See *United States v. Rosado,* 728 F.2d 89 (2nd Cir. 1994)(Holding that once the defendants open the door to an issue, they can "not complain that the government was permitted to present some evidence." Quoting *Panedinco,* 543 F.2d at 455.

Once the prosecutor brought up Shepherd's injuries and the fact that he was shot up to three times, Petitioner's counsel should have been allowed to present and interrogate Mr. Shepherd as to the involvement of the shooting incident. Once the court limits trial counsel's interrogation into the matter, automatically appellate counsel had a an obligation to present for review the district court's blocking of trial counsel's cross examination of the matter.

Although the matter rests under an ineffective assistance of counsel claim, the ineffective assistance of counsel matter could have been raised on direct appeal by counsel. Since the issue presented by new counsel was based solely on the record developed before the trial court, appellate counsel had an obligation and a responsibility to raise trial counsel's ineffectiveness for failing to prepare the issue for appellate review. See *United States v. Leome,* 215 F.3d 253 (2nd Cir. 2000).

In this case, the strategic reasons that trial counsel had in order to explore the why Shepherd was shot, was a defense trial strategy that the district court should have allowed trial counsel to continue with the line of questioning. The court's failure to allow the questioning further causes Petitioner's due process rights to be violated. When trial counsel's failure to properly review the matter in detail

and fails to further question the reason for Shepherd's shooting, Petitioner's right to a proper and adequate defense is per se violated by the district court's actions.

In fact, the problem with the prosecutor's cross examination is that regardless of the reason for introducing the statement, it was reasonable to believe that the jury might have readily assumed that Petitioner was behind such threats and in this case the actual shooting. It is obvious that the jury uses their common sense and wonder why else the prosecutor would ask such a question. Not allowing Petitioner's counsel to proceed with the line of questioning to present a proper defense is prejudicial to a proper defense.

Trial counsel had an obligation to immediately request a strong curative instruction informing the jury that Petitioner "had nothing whatsoever to do with any threats or shooting that the witness had been involved in." There is just no way to "unring" the bell in the instant matter when the district court failed to provide curative instructions to the jury when such an improper statement is presented by the prosecutor.

Accordingly, this court must agree that counsel's failure to request a curative instruction at a point during the cross examination when the government elicited the shooting of witness Shepherd, and appellate counsel's failure to raise such an obvious prejudicial statement and prejudicial line of questioning on appeal, causes both trial and appellate counsels to render ineffective assistance requiring a vacating of Petitioner's conviction and remanding the case for a new trial.

**COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO OBJECT DURING THE SENTENCING HEARING TO THE IMPROPER CALCULATION OF PETITIONER'S GUIDELINE RANGE**

Petitioner presents that counsel was ineffective when he failed to object to an improper calculation of Petitioner's sentencing guideline range for the imposition of two of misdemeanor criminal history points that erroneously enhanced Petitioner's overall guideline sentence. The district court during the time of sentencing relied on the Probation Officer's Presentence Investigation Report (PSI Report) which determined that pursuant to paragraph 57 of the PSI report that Petitioner should have been enhanced pursuant to § 4A1.1(c) for one level on a June 29, 1995 incident where he was found guilty of possessing a small amount of marijuana. In that case, he was sentenced to ten days unsupervised probation along with a $50.00 fine. Furthermore, pursuant to paragraph 58 on December 4, 1996, Petitioner pled guilty to a criminal mischief involving property damage where $300.00 dollars in fines and cost were imposed. Neither crime carried probation over a year, or any jail time.

Pursuant to the United States Sentencing Guidelines § 4A1.2(c), sentences for misdemeanor and petty offenses are counted when the sentence imposed was "(A) - a term of probation of more than one year or a term of imprisonment of at least 30 days." *Id.*

Any criminal history assessment was improper. See *United States v. Hawk*, 531 F.3d 414 (6th Cir. 2008)(holding the defendant who received credit for time served on prior conviction did not actually "serve" any time, rejecting *United States v. Staples*, 202 F.3d (7th Cir. 2002)); *United States v. Hernandez-Hernandez*, 431

F.3d 1212 (9th Cir. 2005)(holding that to determine if sentence meets the 30 day threshold, only the portion of the sentence that was not suspended may be used).

The courts have held that where the sentence is less than 30 days or one year probation, they should *not be included* for criminal history determinations under § 4A1.2(c)(1) because they are similar to the minor offenses listed in the guideline manual that do not carry the enhancements. The exception to the rule is that the listed offenses in the Petitioner's presentence investigation report are excluded because Petitioner was not sentenced to at least one-year probation. See *United States v. May*, 343 F.3d 1 (1st Cir. 2003)(categorizing misdemeanor was properly included because the defendant received *the term of probation of at least one year*); *United States v. McClendon*, 195 F.3d 598 (11th Cir. 1999)(counting three misdemeanor convictions for three counts of bad checks because defendant received *concurrent sentences of 12 months probation*).

Accordingly, since Petitioner's sentence was enhanced by improper guideline determinations under paragraph 57 and 58 of the PSI Report and since Petitioner received criminal history enhancements under § 4A1.1(c) when the charged offenses do not qualify for an enhanced sentence, this court must agree that Petitioner's sentence must be vacated, a presentence investigation report recalculated and a proper sentence imposed which reflects Petitioner's correct overall guideline sentence. Furthermore, this court must agree that Petitioner's trial counsel had a fundamental obligation to object to an improper calculation of Petitioner's final

guideline range was relied on by the district court in determining the final guideline sentence.

## PETITIONER'S APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE WHEN HE FAILED TO RAISE ON APPEAL THE SUFFICIENCY OF THE EVIDENCE INVOLVING THE MONEY LAUNDERING TRANSACTIONS

Petitioner presents that appellate counsel rendered ineffective assistance when he failed to present for appellate review that the evidence was insufficient to prove that Petitioner was actually involved in the money laundering transaction based on the evidence presented during the trial.

The theory behind the government's case in chief was that Petitioner was involved in the money laundering transactions when he was executing the purchase of automobiles with proceeds that resulted from the sale of narcotics and/or proceeds which were concealed as a result of illicit activity.

In this case, the government failed to present any evidence whatsoever to establish that there was any money laundering conspiracy, concealment, or promotion to commit any money laundering whatsoever. Appellate counsel had a fundamental obligation to present on appeal that the evidence was insufficient to prove that Petitioner was actually involved in a money laundering conspiracy via the purchase of legitimate vehicles.

The district court in the case of *Howard v. United States,* 199 U.S. Dist. LEXIS 11197 (July 15, 1999), determined that a money laundering statute is applicable when the defendant takes steps *to conceal the source of the funds* before engaging in legitimate commercial transactions. In Petitioner's case, the

government failed to prove, and appellate counsel failed to contest, that Petitioner actually attempted to conceal the funds prior to placing the funds into circulation in regular business transactions. Petitioner merely used the funds without concealment or any intent to launder the funds whatsoever for the purchase of legitimate vehicles and/or for the use of the corporation.

In fact, several courts have held that the purchase of an automobile's with proceeds of specified unlawful activities is not a financial transaction designed to *conceal the nature*, location, source of the money. Those cases however involve defendants who use the proceeds to engage directly in ordinary commercial transactions. See *United States v. Stephenson*, 183 F.3d 1110 (2nd Cir. 1999) (finding evidence insufficient to show the defendant's past down payment on an automobile was made with intent to conceal); *United States v. Shofl*, 151 F.3d 889 (8th Cir. 1998)(reversing a money laundering conviction for defendant's purchase of a car because he used his client's check, directly endorsed to the car dealers to purchase them); *United States v. Garcia Emanuel*, 14 F.3d 1416 (10th Cir. 1994) (employee's statutory petition to find that "transactions engaged in for present personal benefit, and not create the appearance of legitimate wealth" do not necessarily satisfy the intent to conceal requirement of money laundering). See also *United States v. Anderson*, 189 F.3d 1201 (10th Cir. 1999).

In the instant matter, the government failed to present any evidence whatsoever that would have established that Petitioner was actually involved in the

*concealing* of funds involved in illicit activity and not just involved in the use of funds to purchase legitimate vehicles.

Appellate counsel had a professional obligation to advise the court and to present on appeal that the government had failed to present sufficient evidence whatsoever to invoke the requirement of the statute that proves that Petitioner was involved in the concealing of the funds involved in the illicit activity. Merely using the funds for the purchase of vehicles did not meet the "conceal" requirement as presented in the statute. The money laundering count would have in all actuality resulted in the vacating of Petitioner's conviction and remanding for a new trial.

## <u>CONCLUSION</u>

Accordingly, this court must agree that based on the supplemental issues raised herein, that sufficient ineffective assistance of counsel claims have been raised to warrant the either granting of an evidentiary hearing, or the remanding of Petitioner's conviction and/or sentence for resentencing in accordance with the arguments presented in the original Title 28 USC § 2255 and within the supplemental Title 28 USC § 2255 presented herein.

Done this _____, day of July 2010

Respectfully submitted,

_____
Michael McKinnon
Reg. # 27735-083
MCFP Springfield
Medical Center/Federal Prisoners
P.O. Box 4000
Springfield, MO  65801

## CERTIFICATE OF SERVICE

I HEREBY DO CERTIFY, that a true and correct copy of this pleading was mailed to: Christy Fawcet, 228 Walnut Street, 2nd Floor, P.O. Box 11754, Harrisburg, PA 17108.

Done this _____, day of July 2010

Respectfully submitted,

_____

Michael McKinnon
Reg. # 27735-083
MCFP Springfield
Medical Center/Federal Prisoners
P.O. Box 4000
Springfield, MO 65801

## AFFIDAVIT OF MICHAEL MCKINNON

I, Michael McKinnon, do hereby certify that I am competent to state the matters included in this affidavit, have knowledge of the facts contained and declare that to the best of my knowledge that the statements declared in this affidavit are true, correct, certain, complete, and not meant to mislead and hereby make these statements of facts in accordance with the laws of the United States under penalty of perjury pursuant to [Title 28 U.S.C. 1754(1)].

1. I am Michael McKinnon, register number 27735-083. I am currently incarcerated in the Bureau of Prisons at the Federal Medical Center for prisoners in Springfield, Missouri.

2. On the morning of September 25, 2003, I turned myself in to the authorities (D.E.A.) at my sisters (Tawana McKinnon) home located at 220 S. 20th St., Harrisburg, Pa..

3. Upon entering my sisters home I encountered several government agents including agent Kierkowski. Agent Kierkowski immediately stated that I almost ran him over. I responded to him that I was unaware they were police officers that they never identified themselves, and even went further and apologized for the incident.

4. My sister was present during this entire exchange along with her fiance Jamal Barker and several other police officers.

5. I relayed this exchange to my trial attorney, Ralph B. Pinskey. During trial he questioned agent Kierkowski while cross-examining him about the apology and the declaration that I did not know they were law enforcement. Agent Kierkowski never answered that I did not make those statements, he simply stated he could not recall whether I did or not.

6. I would testify under oath in any court forum in support of the included statements in this affidavit and welcome the opportunity.

I, Michael McKinnon, do hereby certify that the statements contained in this affidavit, were voluntarily submitted, without coercion, and are True, Correct, Complete, Certain, and not meant to mislead, submitted in accord with the laws of the United States under penalty of perjury pursuant to [Title 28 U.S.C. 1746(1)].

_Michael McKinnon_
Michael McKinnon

Subscribed and sworn to before me a Notary Public, on this
_CS_ day of _Oct_ 2010, who's identity is well known or proved
to me, signed and sealed the foregoing affidavit, and acknowledged
the same to be his free act and deed.

Notary Public _Sincuu Letter_ 10.05.2010
My Commission Expires _07.18.2014_

TRACEY PETERS
My Commission Expires
July 18, 2014
Greene County
Commission #10996083

## AFFIDAVIT OF MICHAEL MCKINNON

I, Michael McKinnon, do hereby certify that I am competent to state the matters included in this affidavit, have knowledge of the facts contained herein and declare that to the best of my knowledge that the statements declared in this affidavit are True, Correct, Certain, Complete, and not meant to mislead and hear by make these statements of facts in accordance with the laws of the United States under penalty of perjury pursuant to [Title 28 U.S.C. 1754(1)].

1.    My drivers license with the expiration date of 1-31-2003 was in an old Timberland shoe box located in my family's home at 1372 Orillia Rd. Va. Beach, Va..

2.    My wife's old Bon Ton credit card was listed on our bankruptcy in 1997, and also in the Timberland shoe box located in our home in Virginia.

3.    I have never left any identification in Jennifer Robinson's apartment, including identification bearing my wife's name.

4.    To the best of my knowledge there was no marijuana residue in any empress suitcase located in Jennifer Robinson's apartment.

5.    I do not own and have never owned a ladies empress suitcase.

6.    I am willing to testify in any court of law pertaining to the foregoing statements.

I, Michael McKinnon, do hereby certify that the statements contained in this affidavit, were voluntarily submitted, without coercion, and are True, Correct, Complete, Certain, and not meant to mislead, submitted in accord with the laws of the United States under penalty of perjury pursuant to [Title 28 U.S.C. 1746(1)].

*Michael McKinnon*

Michael McKinnon

Subscribed and sworn to before me a Notary Public, on this _22_ day of _mARch_ 2007, who's identity is well known or proved to me, signed and sealed the foregoing affidavit, and acknowledged the same to be his free act and deed.

Notary Public _MPillian_
My Commission Expires _7 - 2007_



Notary Public, State at Large, Kentucky
My Commission Expires _7-2007_

UNITED STATES POSTAGE

PITNEY BOWES

02 1P $000.95⁰
0003335523 OCT 07 2010
MAILED FROM ZIP CODE 33176

USA FIRST-CLASS FOREVER

Michael McKinnon
Reg. # 27735-083
MCFP Springfield
Medical Center /Federal Prisoners
PO BOX 4000
Springfield, MO 65801

RECEIVED
HARRISBURG PA

OCT 13 2010

MARY E. D'ANDREA, CLERK
Per _____

Clerk of Court
U.S. District Court
228 Walnut Street
PO Box 983
Harrisberg, PA 17108