IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**        :   **CRIMINAL NO. 1:CR-03-251-05**
  :
**v.**  :
  :
**MICHAEL MCKINNON**  :

## **M E M O R A N D U M**

Before the court is McKinnon's motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e) (doc. 704) of this court 's memorandum and order dated May 26, 2011 (doc. 703). The background of the issue at bar follows below.

On June 15, 2010, McKinnon filed a motion pursuant to 28 U.S.C. § 2255 to vacate judgment. In that motion, McKinnon sought relief on the basis of claims of ineffective assistance of counsel. One of the issues raised was that counsel failed to interview a Michelle Resback and use her testimony to impeach a DEA agent on cross-examination.

The background of Resback's purported testimony is that on September 24, 2003, DEA agents took up a surveillance of 308 Hummel Avenue in Lemoyne, Pennsylvania, where the agents had information that McKinnon could be located. McKinnon was seen to emerge from the residence and place a bag in a silver van which the agents knew to belong to McKinnon. McKinnon got into the van which the agents attempted to stop. McKinnon sped away. About one and one-half miles away, a construction worker named Steve Warren saw a van, matching the description of McKinnon's van and driven by a black male, travel through the construction zone at a high rate of speed, knocking over traffic cones and nearly striking construction

workers and vehicles.  That portion of the highway was being prepared for resurfacing and no other vehicles were traveling on that portion of the road.  After the van left the construction zone, a black duffel bag was found containing seven pounds of marijuana.  Shortly after this incident, Jennifer Cassel, one of McKinnon's girlfriends, received a telephone call from McKinnon in which he advised that he had been fleeing the police and had dumped a large quantity of marijuana.

McKinnon claims that if counsel had interviewed Michelle Resback, she would have provided information that would have clarified that it could not have been McKinnon's vehicle that sped through the construction zone and from which an alleged black bag was thrown.  She would have testified that she saw two vans racing through the construction zone and then saw a small vehicle throw something out a car window.

The DEA agents interviewed Resback and were aware of her version of the incident.  This was part of the discovery provided pretrial.  McKinnon argues that had this witness's testimony been presented at trial, a reasonable probability existed that a jury would not have found him involved in the incident at the construction site.

This claim was denied for the reasons set forth in this court's memorandum of May 26, 2011 (doc. 703).

On June 27, 2011, McKinnon filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  The motion claims that no *Brady* information was released to him so that Michelle Resback could have been interviewed as a defense witness.  Plaintiff attached to his motion an affidavit from trial counsel stating that he never received a written statement of the DEA interview of

Resback[1] and that it would have been exculpatory and, therefore, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

      Defendant and counsel had, before trial, the content of Michelle Resback's testimony. *(See* Pet.'s Memorandum in Sup. of § 2255 motion at pp. 20-21.) For McKinnon to state in one document that counsel breached a duty to present Resback's testimony at trial and then in another document assert that the DEA did not provide the substance of her testimony, is totally inconsistent.

      Even though no signed, written statement of Ms. Resback was given to defense counsel, it is apparent that the defense was aware of her testimony from all of the submissions in the motions filed by Defendant. There is no violation of *Brady*. An appropriate order will be issued.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: June 30, 2011.

---

[1] The DEA Agent stated the interview was not reduced to writing.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-03-251-05**
:
**v.** :
:
**MICHAEL MCKINNON** :

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** McKinnon's motion for reconsideration (doc. 704) is **DENIED**.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: June 30, 2011.