IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

FILED

OCT 3 1 2011

PER _____
HARRISBURG, PA.        DEPUTY CLERK

United States of America,          :

        Repondent,          :

   v.          :

Michael McKinnon—Pro se,          :          Criminal No:
                            :          1:03-cr-00251-05
        Defendant.          :

---

## Motion To Reconsider[1]/This Court's Order Of July 31, 2009 Denying Relief Pursuant To 18 U.S.C. § 3582(c)(2)

---

To: The Honorable Sylvia H. Rambo, United States District Judge:

### I.               Introduction

**And Now Comes**, Michael McKinnon—Pro se, Defendant in the above captioned-matter, hereinafter—"Defendant McKinnon," i.e., seeking reconsideration of this Court's July 31, 2009 Order denying relief where an intervening factor has arisen having a legal bearing upon the decision's integrity.

### II.        Standard For Reconsideration

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." See Harsco Corp. v. Zlotnicki, 779 F.2d 906, at 909

---

[1]/  Motions to reconsider are not specifically addressed or authorized by the Federal Criminal Rules. They are rarely granted. Courts generally use the standard for the granting of motions to reconsider in civil cases—"[a] motion to reconsider shall be based on (1) intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. See United States v. D'Armond, 80 F.Supp.2d 1157, 1170(D. Kan. 1999)(citing Fed. R. Crim. P. 47).

(3rd Cir. 1985). Accordingly, a judgment/order may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. <u>See</u> North River Ins. Co., v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3rd Cir. 1995).

III.        **Relevant Facts and Procedural History**

1. On or about October 31, 2008, Defendant McKinnon—Pro se, initiated an 18 U.S.C. § 3582(c)(2) proceeding pursuant to Amendment 715, effective May 1, 2008. Subsequently, the motion was amended on two occasions: (1) by Defendant McKinnon and (2) by Court-Appointed Counsel.

2. During the interim of the above, the Government filed an opposition to the above motions on June 29, 2009. The Probation Office sent the parties an addendum relating to the requested sentence reduction pursuant to § 3582(c)(2). Which Court-Appointed Counsel received the addendum on July 20, 2009 and filed a supplement in support of Defendant McKinnon's motions. Thus, the case became ripe for ruling.

3. On July 31, 2009, this Court issued an "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2)," with **Additional Comments**:

> Initally, the defendant was facing a guidelin range of life imprisonment. The court imposed a sentence outside the guidelines to meet sentencing

2.

goals but not greater than necessary. A forty year total term of imprisonment was the objective of the court. Since there was a mandatory 7 year consecutive sentence on Court 4, this court imposed a 33 year term on Count 1, 20 year concurrent term on Count 3 & a 7 year consecutive term on Count 4 for a total term of 480 months. ( continued)

**Additional Comments**

(continued from above) This variance reflected the concern raised by the defendant at sentencing, no further reduction is warranted.

4. Although on December 5, 2005, at sentencing this court's Statemnet of Reasons is inconsistent to the July 31, 2009' Order:

" The following statement of reasons is placed on the record for the sentence that has been imposed: **The Court adopts the pre-sentence investigative report without change.** The mandatory minimum sentence has been imposed. The fine is below the guideline range because of the Defendant's inability to pay.

The sentence is below the advisory guideline range for the following reasons: One, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment to for the offense pursuant to 18 U.S.C. [§] 3553(a)(2), and to afford adequate deterrence to criminal conduct, 18 U.S.C. [§] 3553(a)(2)(B).

Furthermore, the Court having considered all factors set forth in 18 U.S.C. [§] 3553(a), including the need to impose a sentence no greater than is necessary to meet sentencing goals imposes a sentence outside the advisory guideline range.

The sentence adequately addresses the seriousness of the offense, will

promote respect for the law, and pro-
vide just punishment. Further, the
sentence shall effectively deter the
Defendant from new criminal conduct
and serve to deter others."

See Sentencing Transcripts ("Sen. Tr."), December 5, 2005,
pages 19-20, lines 13-25; 1-10, respectively.

5. Subsequently, through the mutual assistance of a fellow
inmate, and the availability of the newly installed computer sys-
tem, Defendant McKinnon became aware of the legal significance
of the above two "inconsistent judicial determinations," which
prompted further research and discovery of a related ruling by
this Court itself. Furthermore, the case—United States v. Scott,
178 Fed. Appx. 140, 2006 WL 1113513, at *4(3rd Cir. April 27,
2006)(holding that, given our pre-Booker case law, "it would be
inconsistent to require the District court to give a nonguidelines
sentence based on the [crack/powder] disparity" (emphasis in text;
internal quotation marks and brackets omitted)). See also, Motion
to Make Additional Findings of Fact and Conclusions of Law. No-
ticeably, Defendant McKinnon was sentenced before  Scott, Appro-
ximately five months.

6. Equally important to the above, the Supreme Court clari-
fied by crystallizing the distinction between the two terms, de-
parture and variance in Irizarry v. United States, 128 S.CT. at
2198, 2202-03 (2008). See also, Dillion v. United States, 130 S.
Ct. at 2691—92(2010)("[B]ecause the defendants' original senten-
ces were lower than their orginal Guidelines ranges, it was with-
in the district courts' discretion to grant them each a compara-
ble reduction.").

4.

7. Both the Irizarry and Dillion cases sets procedural standards that are cognizable under a motion for reconsideration and to revive a judgment/order to prevent a [continuing] manifest injustice, i.e., notwithstanding the integrity of the "inconsistent judicial determinations" of the December 5, 2005 Sentencing Judgment and the July 31, 2009 Order, which the July 31, 2009 Order, triggered their inconsistency. See annexed Motion to Make Additional Findings of Fact and Conclusions of Law, and Affidavit in Support thereof.

**IV.**

## Legal Discussion

Given the Third Circuit's holdings at the time of Defendant McKinnon's sentencing, this Court could not have "considered" as a factor to impose Defendant McKinnon's below the guideline sentence, the disparity of the crack/powder—100:1, which corresponds with—See United States v. Scott, supra's holding, further explained by United States v. Gunter, 462 F.3d 237, 244 (3rd Cir. 2006):

> "Since Booker made the Guidelines advisory, we have had only one occasion to revisit the crack/powder cocaine differential, and that was not a presidential opinion: United States v. Scott, supra (holding that, given our pre-Booker case law, "it would be inconsistent to require the District Court to give a nonguidelines sentence based on the [crack/powder cocaine] disparity."

For the above reasons, the record reflects the Court adopted the Government's position when it ruled:

> **"The Court adopts the pre-sentence investigative report without change."**

5.

See Sen. Tr. at page 19, lines 15-16. The PSI calculated Defendant McKinnon's Base Offense Level (BOL) on page 9 of the report in paragraphs 39-43—**offense level computation:** 2004 edition-3D1.2(b) and (d) Counts (1) and (3) are grouped. ¶42 most serious offense 3D1.3(a) in this case count 3 (money laundrying has a guideline which incorporates the drugs has highest level. Page 10—continued, ¶43, **Application Note 10**(combine each drug convert to marijuana) However, in this case the amount of crack alone [1.5. KG or more] establishes the highest base offense level, which is thirty-eight (38).

As can be seen the PSI calculated Defendant McKinnon's Base Offense Level (BOL) in accordance to the 100:1 ratio regarding 1.5 kilograms of    crack-cocaine—BOL 38, and Criminal History Category (CHC) V, a guideline range of 360 to life absent the other enhancements. Equally important, Defendant McKinnon was convicted from 500 grams of cocaine powder and 100 kilos  of marijuana but earlier stated the crack-cocaine  count was the highest count, i.e., Count One, constituting the 100:1 ratio.

The above being so, Section 3553(a) factors are considered after the applicable guideline range has already been determined. See United States v. Gunter, supra at 247(The three step process). Then in order to reflect that the Court considered the crack-cocaine disparity, Defendant McKinnon's BOL would have been a 36, CHC V and a base guideline range of 292-365, i.e., before the variance of the § 3553(a) factors. Defendant McKinnon's ultimate sentence pertaining to the crack-cocaine (count one) was 396 months, see Sen. Tr., page 18; line 5, well above the high end

of the amended guideline range.

The Court's Statement of Reasons were in accord with 18 U.S.C. § 3553(a) factors and prevailing law at the time of Defendant McKinnon's sentencing—which did not include considering crack-cocaine differential or a categorical rejection of the 100:1 ratio for substitution of its own.

Nevertheless, [this] Court did not suggest that the crack-cocaine sentencing disparity, i.e., 100:1 ratio, was an actual basis factored into the variance. Cf. United States v. Vincent Fumo, 2011 U.S. App. 17531 (3rd Cir. August 23, 2011)(Part III, discussion upon the same lines).

Clearly, the Sen. Tr., at pages 19-20, specifically states the reasons for the Court's variance, i.e., factors tethered to 18 U.S.C. § 3553(a), Sen. Tr., pages 19-20, lines 13-25; 1-10, respectively. Rather than for a disagreement with the United States Sentencing Guidelines (U.S.S.G.) § 2D1.1(c)(1)—which is not mentioned at all. See e.g., Fumo, supra: "Rather, its decision to vary appears to have been based upon the considerations of the statutory §3553(a)[alone]."

Noticeably, in Gunter, supra, the Court noted: "In this context, we decide a limited issue of **first impression** for our court: whether the District Court erred as a matter of law in believing it could not sentence below the applicable Guidelines range for offenses involving crack cocaine." Id.

Similarly, at the time of sentencing the Government emphasized in its opposition "to the disparity of powder and crack-cocaine and the guidelines," Sen. Tr., December 5, 2005, page 15,

lines 13-14, and

> In any case, there is no Third
> Circuit case, and there is no Supreme
> Court case that talks about the fact
> that the distinction in the guidelines
> between powder and crack is violative
> of the law. It should be pointed out,
> I think, that, in addition to the crack
> -cocaine, that the jury found beyond
> a reasonable doubt that the Defendant
> had distributed.

See Sen. Tr. , December 5, 2005, page 15, lines 17-23.

Thus, had the Court considered the crack-cocaine disparity at that time, then certainly it was "clear" error and grounds for reversal under Third Circuit precedent via a Government appeal. See 18 U.S.C. § 3742(b)(3)—Government's right to appeal a below the Guideline minimum sentence, See, also Gunter, supra at 247.

## 1. The Risk of Inconsistent Judicial Determinations

Patently, i.e., upon the face of the record on December 5, 2005, at sentencing this Court sentenced Defendant McKinnon below the advisory guidelines in accordance to the factors listed in 18 U.S.C. § 3553(a), see Sen. Tr., pages 19-20, lines 13-25; lines 1-10, respectively.

Afterward, on July 31, 2009, this Court denied Defendant McKinnon's motion for reduction under Amendment 715 because its December 5, 2005's variance—"This variance reflected the concern raised by the defendant at sentencing, no further reduction is warranted. See July 31, 2009 Order.

The Court in New Hampshire v. Maine, 532 U.S. 742, 750-751 (2001), "the risk of inconsistent judicial determinations" when the court at one point in time interpret the "Middle-Line"

8.

of the river borders to mean one thing; and then at a later time interpret "Middle-Line" to mean another. The New Hampshire Court recognized that such judicial action would compromise the integrity of the court and/or its determinations. Id. at 750-751.

The July 31, 2009 Order, not only brings into question the integrity of the Court's determination, but also deprives Defendant McKinnon of the variance allowed on December 5, 2005, under Booker and 18 U.S.C. § 3553(a).

Given the Third Circuit's then-current jurisprudence on the issue, the Court was prohibited from considering the crack/powder disparity when it determined Defendant McKinnon's below the applicable guideline range sentence. As a result, Defendant McKinnon's 480 month sentence was determined based upon the Court's analysis of the factors outlined in 18 U.S.C. § 3553(a), and did not take into consideration the 100:1 ratio or alternatives thereto.

This Court should conclude to now refrain from further reducing Defendant McKinnon's sentence to account for the reduced crack-cocaine sentencing disparity would deny him the full benefit of the variance which the Court found was warranted under § 3553(a) factors alone.

**Wherefore,** for all of the above reasons and those reached reached in the annexed motion to make additional findings supported by affidavit, Defendant McKinnon respectfully moves this Court to alter or amend the July 31, 2009 Order's clear factual error to prevent a continuing manifest injustice.

Dated: October 25, 2011

Respectfully submitted,

*Michael McKinnon*

Michael McKinnon, Pro se
#27735-083
U.S. MCFP
P.O. Box 4000
Springfield, MO 65801-4000

10.

AO 247 (02/08)   Order Regarding Motion for Sentence Reduction

# UNITED STATES DISTRICT COURT
for the

Middle District of Pennsylvania

FILED
HARRISBURG, PA

JUL 3 1 2009

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| **MICHAEL MCKINNON** | ) | Case No:  1:CR-03-251-05 |
| | ) | USM No:  27735-083 |
| Date of Previous Judgment:  04/21/2009 | ) | James V. Wade, Federal Public Defender |
| (Use Date of Last Amended Judgment if Applicable) | ) | Defendant's Attorney |

### Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of   X  the defendant  ☐  the Director of the Bureau of Prisons  ☐  the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:

**X  DENIED.**   ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____.

## I. COURT DETERMINATION OF GUIDELINE RANGE (Prior to Any Departures)

| | | |
|---|---|---|
| Previous Offense Level: _____ | Amended Offense Level: _____ | |
| Criminal History Category: _____ | Criminal History Category: _____ | |
| Previous Guideline Range: _____ to _____ months | Amended Guideline Range: _____ to _____ months | |

## II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

**ADDITIONAL COMMENTS:**  Initially, the defendant was facing a guideline range of life imprisonment. The court imposed a sentence outside the guidelines to meet sentencing goals but no greater than necessary. A forty year total term of imprisonment was the objective of the court. Since there was a mandatory 7 year consecutive sentence on Count 4, this court imposed a 33 year term on Count 1, 20 year concurrent term on Count 3, & a 7 year consecutive term on Count 4 for a total term of 480 months. (continued)

## III. ADDITIONAL COMMENTS

(Continued from above) This variance reflected the concern raised by the defendant at sentencing. No further reduction is warranted.

Except as provided above, all provisions of the judgment dated  04/21/2009  shall remain in effect.

**IT IS SO ORDERED.**

Order Date:  July 31, 2009

_____
Judge's signature

Effective Date: _____
(if different from order date)

_____  Sylvia H. Rambo, United States District Judge
Printed name and title

Appendix A