IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

United States of America,  :

    Respondent,  :

v.  :
:     Criminal No:
:     1:03-cr-00251-05

Michael McKinnon—Pro se,  :

    Defendant.  :

---

## Motion To Make Additional Findings Of Fact In Support Of Amending/Altering The July 31, 2009 Order

### I. Introduction

**And Now Comes**, Michael McKinnon—Pro se, Defendant in the above captioned-matter, hereinafter—"Defendant McKinnon," moving this Court respectfully to make additional findings of its December 5, 2005's sentencing judgment in light of its July 31, Order, which has triggered the "risk of inconsistent judicial determination," and the integrity of this Court.

### II. Authority

The Supreme Court in Travelers Indem. Co. v. Bailey, 129 S.Ct. 2195, 2205 (2009)(Held: "[Federal courts] are courts with authority when parties are brought before them in accordance with the requirements of due process, to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act.")(citing Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376 (1940).

In this case, the "risk of inconsitent judicial determinations" exist between this Court's determinations under 18 U.S.C. § 3553(c)(1) and (2)'s touchstones of specificity, which was triggered by the July 31, 2009 Order, referring back to the December 5, 2005 Sentencing Judgment.

### III.     Requested Additional Findings

1. Defendant McKinnon moves this Court to make additional findings of fact relating to the December 5, 2005's Sentencing Judgment reflecting a variance predicated upon the crack-cocaine differential, and its July 31, 2009's Order making reference that the below guideline variance which reflected the Defendant's concern. See Appendix A, Order of July 31, 2009.

2. Construe and apply whether the December 5, 2005 Sentening's **Statement of Reasons** pursuant to 18 U.S.C. § 3553(c)'s specifications for crack-cocaine variance was articulated upon the record as required. See generally, Rita v. United States, 551 U.S. 338, 356-57 (2007); see also U.S. V. Cunningham, 429 F.3d 673, 678-679 (3rd Cir. 2005).

3. Construe and apply Defendant McKinnon's Base Offense Level (BOL) 38 with his Criminal History Category (CHC) V, absent other enhancements. That is, whether Defendant McKinnon's guideline range was 360 to life for purposes of 18 U.S.C. § 3582(c)(2) and Amendment 715, i.e., instead of life to life to determine whether the two (2) point reduction would reduce his BOL to 36 and with CHC V to a guideline range of 292 to 365 months.

4. Construe and apply whether on Count One, the thirty-three (33) years imposed absent a reason exceeds 24 months in violation

of 18 U.S.C. § 3553(c)(1).

5. Construe and apply which crack-cocaine ratio did the Court use to arrive at 396 months on Count One from the life to life range. Particularly, where the record, the parties and the subsequent court-appointed counsel could not determine in light of § 3553(c)'s **Statement of Reasons**. See Attached exhibits #1-2, excerpts from court-appointed counsel's supplemental motion.

IV.    **Legal Discussion**

Just as in civil cases, "if the trial court has entered an erroneous judgment, it should correct it." See, e.g., Golden Blount, Inc., v. Robert H. Peterson, Co., 438 F.3d 1354, 1358 (Fed. Cir. 2006). Similarly, under civil cases one of the proper grounds to make additional findings is "a manifest error of fact or law by the trial court." See, e.g., Padilla v. Miller, 143 F.Supp. 2d 479, 487 (M.D. Pa. 2001).

Defendant McKinnon believes this Court's July 31, 2009 Order, predicated upon the December 5, 2005's Sen. Tr., is erroneous and the July 31, 2009 Order should be revived and rectified.

**Wherefore**, Defendant McKinnon respectfully moves this Court to make additional findings of fact to the enumerated matters above; thereafter, issue the appropriate order to rectify its July 31, 2009's factual inaccuracies, which deprived Defendant McKinno of the full benefit given by the Court on December 5, 2005.

DATED: 10-25-11

Respectfully submitted,

*Michael McKinnon*
Michael McKinnon, Pro se
#27735-083 U.S. MCFP
P.O. Box 4000
Springfield, MO 65801-4000

to § 3582(c). Counsel received this addendum on July 20, 2009. McKinnon's pro se motion is ripe for disposition. Counsel files this supplement in support of McKinnon's motion.

**Statement of Facts**

McKinnon went to trial on five counts. The jury acquitted McKinnon on one count and the Court entered an acquittal on another count based on a post-verdict motion. On December 5, 2005, the Court sentenced McKinnon on the three remaining counts. Count One alleged that McKinnon violated 21 U.S.C. § 841(a)(1) – a distribution and possession with intent to distribute cocaine base, cocaine powder and marijuana. Count Three alleged that McKinnon violated 18 U.S.C. § 1956(h) – conspiracy to commit money laundering. Count Four alleged that McKinnon violated 18 U.S.C. § 924(c)(1)(A)(i)(ii) – possession of firearms in furtherance of and during and in relation to drug trafficking.

McKinnon received an aggregate sentence of 480 months. On Count One McKinnon received a 396 month sentence (33 years). The statutory maximum penalty was Life and there was a mandatory minimum penalty of 10 years. On Count Three McKinnon received a 240 month sentence to run concurrent with his sentence on Count One. The maximum penalty on Count Three was 20 years. There was no mandatory minimum penalty for Count Three. On Count Four

McKinnon received an 84 month sentence (7 years) to run consecutive to Counts One and Three. The maximum penalty on Count Four was Life and there was a mandatory consecutive minimum sentence of 7 years.

On April 21, 2009, this Court filed an Amended Judgment in a Criminal Case (Doc. 650-2). This Amended Judgment did not affect the imprisonment portions of McKinnon's judgment filed on December 5, 2005. The amended judgment was filed pursuant to a Memorandum and Order filed at docket number 649 on April 21, 2009 to conform the 2005 Judgment, relating to a $300 special assessment, a $1,000 fine, and a $1,000 restitution, to the requirements of *United States v. Corely*, 300 F.3d 210 (3d. Cir. 2007).

McKinnon is not a career offender. McKinnon's current projected release date is **June 1, 2040.**

**Argument**

After review of the presentence report, judgement and materials filed by the government and provided by probation, counsel cannot determine exactly how the Court arrived at McKinnon's sentencing range. In the government's response they suggest the Court varied by "at least two levels" ( Doc. 652, p. 2). The presentence report addendum states "Although not stated by the Court, the

3

Exhibit #2

sentence of 396 months on Count 1 and 3 required a downward variance of one level (43 to 42) to a range of 360 months - Life." The government surmises that the Court varied from total offense level 44 to total offense level 42. Probation surmises that the Court varied from the total offense level 43 to 42. Both of these views assume the most restrictive scenario.

Counsel asserts the variance could just as easily have been from total offense level 43 down to total offense level of 37 – a 6 level variance. At criminal history category V offense levels 38 - 42 carry the exact same sentencing range, 360 months to Life. Offense level 37 carries a range of 324 to 405. McKinnon's 396 month sentence on Count One falls within the ranges associated with offense levels 37 to 42. Counsel does not have the Statement of Reasons or sentencing transcript in this case. Those documents may illuminate this Court's original intention.

Counsel notes that the 396 month sentence on Count One is 22.2 percent above the bottom of the range for offense level 37. This Court could fashion a comparable sentence by applying the retroactive guideline amendment, the same variance and the same percentage above the bottom of the new guideline range.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

United States of America,    :

    Respondent,    :

v.    :

    :  Criminal No.:
    :  1:03-cr-00251-05

Michael McKinnon—Pro se,    :

    Defendant.    :

FILED OCT 31 2011 PER HARRISBURG, PA. DEPUTY CLERK

## Affidavit In Support of The Annexed Reconsideration Motion and Motion To Make Additional Findings Under The Federal Rules of Criminal Procedure 47

To: The Honorable Sylvia H. Rambo, United States District Judge:

I, Michael McKinnon—Pro se, Defendant in the above captioned-matter, hereinafter—"Affiant McKinnon," do declare by deposing under the penalty of perjury—28 U.S.C. § 1746 and 18 U.S.C. 1621, that the factual and legal contentions in the annexed "Motion To Reconsider This Court's Order of July 31, 2009 ..."; and "Motion To Make Additional Findings of Fact ..." are true and correct to the best of my knowledge and understanding thereof. I further state:

1. Affiant McKinnon believes he is entitled to redress of the July 31, 2009 Order's erroneous assessment of the facts relating to the variance given during the December 5, 2005's Sentencing Judgment.

2. Affiant McKinnon was represented by court-appointed attorney whom disregarded Affiant McKinnon's plea to challenge the

Court's assessment of the facts and its conclusion.

3. Affiant McKinnon through the mutual assistance of a fellow inmate reviewing th Court's July 31, 2009 Order, pointed out to Affiant McKinnon the inconsistency of the two orders—the December 5, 2005 Sentencing Transcripts' Judgment and July 31, 2009 Order.

4. Furthermore, the fellow inmate instructed me on ways to research various subject matters on our newly installed legal computers, which we had acquired a little over six months ago. Incidently, this Federal Medical Center was last in the Bureau of Prisons to get a legal law library computer system.

5. Affiant McKinnon believes this Court's July 31, 2009 Order is an erroneous assessment of what took place on December 5, 2005, i.e., amounting to inconsistent positions of its earlier determination on December 5, 2005.

6. Affiant McKinnon believes he is entitled to a comparable reduction as recognized by the Supreme Court.

I, Affiant McKinnon, do attest to the above as being true on this    th day of October 2011.
DATED: 10-25-11

Respectfully submitted,

Michael McKinnon, Affiant
#27735-083 U.S. MCFP
P.O. Box 4000
Springfield, MO 65801-4000

2.

ael McKinnon #27735-083
 MCFP
Box 4000
ngfield, MO 65801-4000




United States District Court
for the Middle District of Pennsylvania
P.O. Box 983
Fed. Bldg., & U.S. CtHse
228 Walnut St.
Harrisburg, PA 17808-0983

**L E G A L    M A I L**