IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-03-251-05** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL MCKINNON** | : | |

# M E M O R A N D U M

Before the court is Michael McKinnon's motion to modify or reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), citing Amendment 750 of the Sentencing Guidelines regarding crack cocaine offenses (Doc. 729). The court directed that the Government respond to the motion. The Government has responded with a thorough recounting of the procedural history of this case; the facts supporting a motion for reduction; the retroactive application of Amendment 750, and the limitations of the Amendment as applied to the instant case (Doc. 731). This court adopts the reasoning and case law cited by the Government and, for the reasons stated therein, will grant McKinnon's motion in part.

McKinnon's sentence was a total of 40 years. Under the amendment, and pursuant to USSG 1B1.10, a reduction of sentence under 18 U.S.C. § 3582(c)(2) is limited to 360 months plus 84 months consecutive on the firearms offense. United States Sentencing Guideline § 1B1.16(b)(2)(A) reads as follows:

> (2) <u>Limitation and Prohibition on Extent of Reduction</u>.–
>
> (A)  <u>Limitation</u>.– Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

There is an exception to this limitation where there has been a motion by the government to reduce a sentence based on a defendant's substantial assistance; such is

not applicable to this case.  *See United States v. Dillon*, 572 F.3d 146, 149-50 (3d Cir. 2010).

   The guideline range under Amendments 748 and 750 is 360 months to life.  It is apparent that McKinnon agrees to this calculation.  (*See* Doc. 729 at p. 3.)

   In his motion, McKinnon seeks a variance under 18 U.S.C. § 3553(a) because (1) he suffers from end-stage renal failure and is undergoing dialysis three times a week; (2) he suffers from a heart condition; (3) he is a diabetic; and (4) he has been involved in rehabilitation through various programs at the prison.  In a previous motion to modify his sentence filed on November 13, 2008 (Doc. 633), McKinnon cited to the same health issues in a request for a variance.  (*Id*. at p. 11.)  Now, five years later, he is suffering from the same conditions but it is clear that he is receiving adequate medical care from the Bureau of Prisons.  In an inmate education data transcript attached to his instant motion, there appears the following listing of some of his recent courses:  calisthenics (11/01/2013); step aerobics (09/09/2013); beginning Abs I (07/01/2013); and core fitness class (05/06/2013).  It appears that in spite of McKinnon's medical problems, he is keeping fit through physical exercise.

   Consideration of the above courses and the completion of additional courses must be balanced by the criminal conduct that resulted in his conviction.  As the Government notes, Defendant was a large scale trafficker in crack cocaine, powder cocaine and marijuana; conducted a sophisticated money laundering scheme; brandished firearms in his drug dealings; recklessly endangered law enforcement officers; obstructed justice; and was on supervised release for a drug related offense when he committed the underlying offenses in the instant case. (Doc. 731 at 0p. 13-14.)

The motion for reduction pursuant to 18 U.S.C. § 3582(c)(2) will be granted in part and denied in part; no further variance under § 3553(a) is warranted in this case. An appropriate order will be issued.

                                                   s/Sylvia H. Rambo
                                                   United States District Judge

Dated: February 18, 2014.