IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:03-cr-251-05** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **MICHAEL McKINNON** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is a motion for relief from judgment or order filed by
Michael McKinnon pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 743.)
McKinnon "seeks to raise new ineffective assistance of counsel claims based on
alleged errors by both his trial and post conviction counsel." (Id. at p. 3.) For the
reasons set forth below, the motion will be denied with prejudice.

## I.    Background

In 2004, McKinnon was convicted of the following: (1) distribution and
possession with intent to distribute cocaine base ("crack"), cocaine hydrochloride,
and marijuana; (2) conspiracy to commit money laundering; and (3) and possession
of firearms in furtherance of, and during and relation to, a drug trafficking crime.
In December 2005, the District Court sentenced him to 40 years' imprisonment,
which was below the advisory range set forth under the United States Sentencing
Guidelines. The Court of Appeals for the Third Circuit affirmed the judgment of
sentence on direct appeal, *see United States v. McKinnon*, 301 F. App'x 117, 119

(3d Cir. 2008), and the United States Supreme Court subsequently denied McKinnon's petition for a writ of certiorari. In June 2010, McKinnon, proceeding *pro se*, moved this court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255, raising a number of claims. The motion was denied on the merits in May 2011, and the Third Circuit later denied his related application for a certificate of appealability. See C.A. No. 11-3246.

## II. <u>Discussion</u>

A Rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). For a petitioner who seeks to relitigate issues previously decided by the district court on habeas review or to pose new claims that would have been cognizable on federal habeas review, a Rule 60(b) motion will constitute a successive habeas petition. *Pridgen v. Shannon*, 380 F.3d 721, 726 (3d Cir. 2004). When the Rule 60(b) motion seeks to attack the petitioner's underlying conviction, the motion should also be treated as a second or successive motion. *Id*.

The Antiterrorism and Effective Death Penalty Act of 1996 prohibits the filing in the district court of a second or successive habeas petition unless certified as provided in § 2244 by a panel of the appropriate court of appeals.

For the foregoing reasons, this court does not have jurisdiction to address the merits of the motion filed pursuant to Rule 60(b).

An appropriate order will issue.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: July 12, 2018