IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:03-cr-251** |
| **v.** | : | |
| **MICHAEL McKINNON** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is a motion filed by Michael McKinnon pursuant to Federal Rule of Civil Procedure 60 seeking a resentencing pursuant to 18 U.S.C. § 3582(c) and Amendments 750 and 782 of the United States Sentencing Guidelines. McKinnon relies upon *Hughes v. United States*, 138 S.Ct. 1765 (2018) in support of his requested relief. For the reasons set forth below, the motion will be denied.

## I. Discussion

McKinnon was found guilty by a jury of distribution and possession with intent to distribute cocaine base, cocaine hydrochloride and marijuana in violation of 21 U.S.C. § 841 (Count 1); conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 3); and possession of firearms in furtherance of and during and in retaliation to drug trafficking in violation of 18 U.S.C. § 924(c) (Count 4). Within the presentence report, his offense level was calculated as 43 and his criminal history level was V. He was facing a guideline term of life in prison plus a consecutive term of 7 years pursuant to 18 U.S.C. § 942(c). On December 5, 2005,

McKinnon was sentenced to an aggregate term of 480 months imprisonment. (Doc. 563.) The Third Circuit affirmed the conviction and sentence. *United States v. McKinnon*, 301 F. App'x 117 (3d Cir. 2008).

On November 13, 2008, McKinnon filed a *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) based on Amendment 706 of the United States Sentencing Guidelines. The court denied the motion and the Third Circuit affirmed. *United States v. McKinnon*, 385 F. App'x 216 (3d Cir. 2010).

On February 29, 2012, the Federal Public Defender's Office filed a motion for reduction of sentencing pursuant to Amendment 750 of the United States Sentencing Guidelines (Doc. 721), which was later withdrawn at McKinnon's request (Doc. 725). On November 18, 2013, McKinnon, proceeding *pro se*, filed a motion for reduction of sentence based on Amendment 750. That amendment reduced McKinnon's guideline range to 360 months to life. (Doc. 734, p. 2.) On February 18, 2018, a reduction of sentence was granted, and McKinnon's sentence was reduced to an aggregate term of 444 months imprisonment consisting of 360 months on Count 1, a concurrent term of 240 months on Count 3, and a consecutive term of 84 months on Count 4.

On June 19, 2017, McKinnon filed another motion for reduction of sentence pursuant to Amendment 750 seeking a full reduction in accordance with the variance

received at his initial sentence. (Doc. 737.) This relief is precluded by USSG § 1B1.10. *See Dillon v. United States*, 130 S.Ct. 2683, 2687 (2010).

Under Amendment 750, the minimum of McKinnon's amended guideline range is 360 months. Likewise, under Amendment 782, the minimum guideline range is 360 months, and therefore McKinnon has received the minimum guideline sentence.

As noted above, McKinnon cites to *Hughes* to support his claim for relief. *Hughes* held that a person who was sentenced under a binding plea agreement prior to a retroactive amendment to the sentencing guidelines is not precluded from seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c). McKinnon was convicted by a jury following a trial and did not enter into a binding plea agreement. Therefore, *Hughes* is not relevant to his case.

Based on the foregoing, the instant motion will be denied.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: January 10, 2019