IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | Crim. No. 1:03-cr-251 |
|---|---|---|
| v. | : | |
| MICHAEL MCKINNON | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Presently before the court is Defendant Michael McKinnon's Motion for a Resentencing Hearing Under Section 404 of the First Step Act of 2018, § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222. (Doc. 768.) McKinnon argues that he is eligible for relief under the act and asks the court to consider his immediate release from imprisonment. In response, the Government maintains that McKinnon is not eligible for a First Step Act sentence reduction. For the reasons that follow, the court will deny the motion.

### **I.   Background**

McKinnon was originally indicted on September 17, 2003 for offenses related to his involvement in drug trafficking and in a company called Cars on Credit, Inc. Six superseding indictments were eventually filed, and in the Sixth Superseding Indictment ("the Indictment"), the Grand Jury charged McKinnon with the following: manufacturing, distributing and possessing with intent to distribute cocaine base, a/k/a/ "crack", cocaine hydrochloride, and marijuana between 2001

and September 2003, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting such conduct, in violation of 18 U.S.C. § 2 (Count 1); conspiring to distribute and possess with intent to distribute cocaine base, cocaine hydrochloride, and marijuana between approximately 2001 and September 2003, in violation of 21 U.S.C. § 846 (Count 2); conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 3); possessing, using, carrying and brandishing firearms in furtherance of and during and in relation to drug trafficking crimes and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii) and 2 (Count 4); assaulting, resisting, opposing, impeding, intimidating and interfering with federal officers, in violation of 18 U.S.C. § 111 (Count 5); and forfeiture of property (Count 6). (Doc. 337.)

The Indictment included a Notice of Special Findings related to statutory aggravating factors wherein the Grand Jury found, *inter alia*, as follows: "(1) the quantity of crack cocaine attributable to the defendant is 1.5 kilograms or more; (2) the quantity of cocaine hydrochloride attributable to the defendant is two kilograms or more but less than 3.5 kilograms; [and] (3) the quantity of marijuana attributable to the defendant is 100 kilograms or more but less than 400 kilograms." (*Id.* at p. 8.)

A six-day trial commenced on September 21, 2004, and the jury returned a verdict on September 28, 2004. The jury found McKinnon guilty on all counts except for the assault on a federal officer in Count 5. (Doc. 451.) With respect to Count 1,

the jury found McKinnon guilty of distribution or possession with intent to distribute 1.5 kilograms or more of crack cocaine, 500 grams or more of cocaine powder, and 100 kilograms or more of marijuana. (Doc. 451, pp. 2-4.) The jury found that the amount of drug proceeds involved in Count 3, conspiracy to commit money laundering, were in excess of $200,000. (Doc. 451 at 9.) With respect to Count 4, the jury found that McKinnon brandished the firearm. (Doc. 451 at 10.) The jury also found, with respect to all counts, that McKinnon possessed a deadly weapon; that he obstructed or impeded or attempted to obstruct or impede the administration of justice during the course of the investigation or prosecution of the offense; and that he recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement officers. (Doc. 451 at 10-11.) Finally, the jury found that $17,500 belonging to McKinnon was subject to criminal forfeiture.

On July 26, 2005, upon consideration of McKinnon's post-trial motions and based on insufficient evidence, the court granted a judgment of acquittal on Count 2—conspiracy to distribute or possess with intent to distribute controlled substances. (*See* Doc. 555 at 13 (finding that the Government "did not establish that an agreement between Defendant and others existed to distribute drugs.").) As to the drug quantities found by the jury, the court noted that the weight of the drugs constituted sentencing enhancement factors. (Doc. 555 at 2 n.1 ("This case was tried

after the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), but before the Supreme Court's decision in *United States v. Booker*, [543 U.S. 220] (2005). During the period of time between these two cases, the Government submitted sentencing enhancement factors to the jury for proof beyond a reasonable doubt.").)

In a presentence report ("PSR") prepared in preparation for sentencing, the probation officer determined that the statutory penalty for Count 1—based on the jury's finding of 1.5 kilograms or more of crack cocaine—was 10 years to life. Pursuant to USSG §§ 3D1.2(b) and (d), Counts 1 and 3 were grouped because the money laundering offense (Count 3) was connected to the drug offense by a common criminal objective, scheme and plan. United States Sentencing Guideline § 2S1, applicable to money laundering, provided that the base offense level is the offense level from which the laundered funds were derived, which in this case was the unlawful distribution of crack cocaine, cocaine hydrochloride and marijuana. Ordinarily under Application Note 10 to USSG § 2D1.1, if the offense involves different controlled substances, each drug is converted into its marijuana equivalent and combined to achieve a single offense level. However, here, the amount of cocaine base alone (1.5 kilograms or more) established the highest base offense level of 38. A two-level increase was then added pursuant to USSG § 2S1.1(b)(2)(B) because McKinnon was convicted under 18 U.S.C. § 1956. (PSR ¶¶ 43-44.)

McKinnon also received a two-level enhancement for obstruction of justice and a two-level enhancement for recklessly creating a substantial risk of death or serious bodily injury in the course of fleeing from a law enforcement officer, resulting in an adjusted offense level of 44. (PSR ¶¶ 47-49.) Under the Sentencing Guidelines, an offense level of more than 43 is to be treated as an offense level of 43. McKinnon was assigned 11 criminal history points resulting in a criminal history category of V. (PSR ¶ 63.) An offense level of 43 and a criminal history category of V resulted in a guideline range of life, with a consecutive term of 84 months for his conviction under 18 U.S.C. § 924(c). (PSR ¶¶ 84-85.)

At sentencing, the court granted a variance from the guideline range based on the factors set forth in 18 U.S.C. § 3553(a) and sentenced McKinnon to an aggregate term of 480 months consisting of 396 months on Count 1 and 120 months on Count 3 to be served concurrently with one another and a term of 84 months on Count 4 to be served consecutively to Counts 1 and 3. (Doc. 563 at 2.) The court also sentenced McKinnon to a term of 5 years of supervised release, consisting of 5 years on Count 1, 2 years on Count 3, and 3 years on Count 4 to be served concurrently. (Doc. 563 at 3.)

On February 18, 2014, pursuant to Amendment 750 to the Sentencing Guidelines, the court reduced McKinnon's term of imprisonment to 444 months,

5

consisting of 360 months on Count 1, a concurrent term of 240 months on Count 3, and a consecutive term of 84 months on Count 4. (Doc. 736.)

McKinnon now moves the court for a sentence reduction pursuant to Section 404 of the First Step Act. The motion is fully briefed and ripe for disposition.

**II. Discussion**

The First Step Act authorizes federal district courts to impose a reduced sentence for covered crack cocaine offenses where the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, §§ 2-3, would have applied had that act been in effect when the covered offense was committed. *See* First Step Act § 404(b), 132 Stat. at 5222. The First Step Act defines a "covered offense" as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* at 404(a). Section 2 of the Fair Sentencing Act, in turn, reduced the disparity that existed between sentences imposed for the distribution of cocaine in powder form and the distribution of substances containing cocaine base, i.e., crack cocaine, by amending 21 U.S.C. § 841(b)(1), the sentencing scheme for controlled substance offenses. Prior to the Fair Sentencing Act, a 10-year-to-life sentencing range under 21 U.S.C. § 841(b)(1)(A)(iii) was triggered if the offense involved 50 grams or more of a substance containing crack cocaine. The Fair Sentencing Act increased that threshold to 280 grams or more of such a substance.

The Fair Sentencing Act also increased the 5-to-40-year sentencing range under 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams or more to 28 grams or more of a substance containing crack.

McKinnon is eligible to seek relief under the First Step Act because, prior to August 3, 2010, he committed a violation of 21 U.S.C. 841(a), and the statutory penalties for that conviction were modified by Section 2 of the Fair Sentencing Act. *See United States v. Wirsing*, 943 F.3d 175, 186 (2019); *United States v. Rose*, 379 F. Supp. 3d 223, 228 (S.D.N.Y. 2019). The categorical limitations on Section 404(c) do not apply to McKinnon and his sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act.

Whether McKinnon is entitled to a sentence reduction, however, is a separate question. A court may impose a reduced sentence "as if sections 2 and 3 of the [FSA] were in effect at the time the covered offense was committed." FSA § 404(b). This provision grants discretion to the sentencing court but does not require the court to reduce the sentence of an eligible defendant.

Here, applying the current Sentencing Guidelines to the statute of conviction and the quantities of drug charged in the Sixth Superseding Indictment and found by the jury beyond a reasonable doubt yields the following analysis. The Grand Jury specifically attributed 1.5 kilograms of crack cocaine to McKinnon and the jury

7

found the same as to Count 1 beyond a reasonable doubt.[1] *See United States v. Powell*, 360 F. Supp. 3d 134, 139 (NYDC 2019) ("The drug type and quantity used to set the statutory range under the First Step Act is the quantity charged in the indictment and found by the jury beyond a reasonable doubt.") Although the First Step Act increased the threshold for 10-year-to-life sentences from 50 to 280 grams or more, 1.5 kilograms far exceeds the new threshold; therefore, the statutory penalties for the offense remain the same. Under USSG § 2D1.1, the offense involved 1.5 kilograms of cocaine base which is equivalent to 5,356.5 kilograms of marijuana; 500 grams of cocaine which is equivalent to 100 kilograms of marijuana; and 100 kilograms of marijuana for a total of 5,556.5 kilograms of marijuana, yielding a base offense level of 32 (between 3,000 and 10,000 kilograms of marijuana). As with the original computation, a two-level enhancement is applied for a conviction under 18 U.S.C. § 1956; a two-level enhancement is applied for obstruction; and a two-level enhancement is applied for fleeing, resulting in an

---

[1] Relying on *United States v. Rowe*, 919 F.3d 752 (3d Cir. 2019), McKinnon noted, without further briefing, that "the evidence presented at trial likely cannot prove a single distribution or possession with intent to distribute more than the triggering amount of crack cocaine. (Doc. 775, p. 12, n.7.) In *Rowe*, the Third Circuit vacated a defendant's conviction for possession and distribution of 1,000 grams of heroin because the evidence did not give rise to a reasonable inference that the defendant distributed 1,000 grams in a single transaction or had control over 1,000 grams at any one time. *Id.* at 759-62. This court is not aware of any other First Step Act case in which *Rowe* has been applied and this court declines to do so here as McKinnon has not pointed to anything in the record suggesting that he did not possess the triggering amount of drugs at any one time.

adjusted offense level of 38. As to his criminal history computation, McKinnonS no longer receives an additional one criminal history point for having committed the offense less than two years following his release from confinement. Thus, his criminal history points total 10 and his criminal history category remains a V. A total offense level of 38 and criminal history category V results in a guideline imprisonment range of 360 months to life. The 84-month consecutive sentence brings the total sentence to 444 months imprisonment, the same as McKinnon received under Amendment 750 on February 18, 2014. As such, the court declines to exercise its discretion to reduce McKinnon's sentence.

### III. Conclusion

For the reasons set forth, McKinnon's motion for a resentencing hearing will be denied.

s/Sylvia H. Rambo
s/Sylvia H. Rambo
United States District Judge

Dated: March 30, 2020